UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| ANDREW W. PETERS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 2:17-cv-00325-WTL-DLP |
|  | ) |  |
| BRIAN SMITH, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Andrew W. Peters petitioned for a writ of habeas corpus challenging prison disciplinary proceeding number ISF 17-06-0045. For the reasons explained in this Order, Mr. Peters's petition is **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 1, 2017, a conduct report was issued charging Mr. Peters with attempting to traffic, a violation of Code A-111/113 of the Disciplinary Code for Adult Offenders. The conduct report provides:

> On April 17, 2017 while assigned to the Trash Bash detail Offender Andrew Peters did collect several items of contraband along the road side and hid these items in van #11741 with intentions of trafficking said items into Putnamville Correctional Facility.

Dkt. No. 13-1, p. 1. The Indiana Department of Correction (IDOC) Office of Investigation and Intelligence conducted an investigation of the April 17 incident and issued a report which provides:

> On April 25, 2017 Mr. McDonald, Office of Investigation and Intelligence directed me Mr. Wire to conduct an additional investigation per Conduct Hearing Board in which Officer Anderson had filed a conduct report on Offender Andrew Peters DOC #104855 for ADP 111/113, "Attempting to Traffic[k]." Officer Anderson did not actually witness Offender Peters in possession of the contraband, he (Anderson) only found the contraband in the area of the van where Offender Peters was setting [sic]. Offender Peters and five other offenders were assigned to the Trash Bash detail at the time of the incident.
>
> During this investigation I interviewed all offenders assigned to this detail to include Officer Anderson and Officer Sparks. The can used during this assignment was solely used for the trash bash detail. According to witnesses Offender Peters had bragged about the articles that he (Peters) had collected along the road side. Offender Peters also described in detail to these offenders as to what he had hidden in the van. During these interviews I did not suggest to the witnesses who the suspect was in this case, in turn Offender Peters name was mentioned on more than one occasion.

Dkt. No. 13-1, p. 4.

Mr. Peters was notified of the charge on June 5, 2017, when he received the screening report. Dkt. No. 13-2. He plead not guilty to the charge.

A hearing was held on June 14, 2017. Mr. Peters told the hearing officer:

> I was sitting in Offender Ainsworth's area and he was found to have tobacco in his boot. I found out he had the tobacco after he was caught with it. I had no prior knowledge of contraband in the vehicle.

Dkt. No. 13-6.

Mr. Peters also requested statements from inmates Shane Stephens and Scott Breeden, and asked for emails sent to "Dawson" on April 19 and May 5, 2017. *Id.*

Shane Stephens submitted a statement that provided:

> They searched the van and when they searched it the guy that got c[a]ught said it was over. Peters did not know what the guy did.

Dkt. No. 13-3.

Scott Breeden's statement provided:

> When they searched the van and found contraband Ainsworth signed a confiscation slip, so I assumed it was his. I don't believe Peters knew about it.

Dkt. No. 13-4.

The disciplinary hearing was held on June 14, 2017. The hearing officer considered Mr. Peters's statement, staff reports, the witness statements, and the report of investigation, and found Mr. Peters guilty of the charged conduct. The hearing officer noted that the report of investigation asserted that multiple witnesses provided statements about Mr. Peters's actions. Dkt. No. 13-6. The sanctions imposed included earned credit time deprivation and a credit earning class demotion.

Mr. Peters appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

Mr. Peters presents three grounds for relief. Grounds one and three are challenges to the sufficiency of the evidence and will be consolidated here. Ground two asserts that Mr. Peters was

denied evidence, but respondent contends this issue was not exhausted and is therefore not available for habeas corpus relief.

1. Sufficiency of the Evidence

In his two grounds for relief challenging the sufficiency of the evidence, Mr. Peters complains that he was convicted on the basis of just one offender's statement, who had a motive for falsely accusing him, and despite the statements of other witnesses who exonerated him.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The record shows the evidence in the disciplinary proceeding was contradictory. There was evidence to implicate Mr. Peters, and there was evidence to exonerate him. The hearing officer considered all of the evidence and his decision was to find Mr. Peters guilty. It is not this Court's role to re-weigh the evidence. Indeed, the Court cannot do so. *Id.* The Court's only role is to determine whether there is "some" evidence, "any" evidence, to support the hearing officer's decision. There was. This was the hearing officer's decision to make, not the Court's, and therefore Mr. Peters's challenges to the sufficiency of the evidence are **denied**.

2. Denial of Evidence

Without addressing the specifics of this claim, the Court must assess whether it is properly before the Court. Respondent contends that Mr. Peters did not exhaust his administrative remedies on this issue, and that is what the record shows. In his appeal to the Facility Head (the Warden, who is also the respondent), Mr. Peters details his sufficiency of the evidence claim, but never sets out or even implies that he was denied evidence. Dkt. No. 13-7. Mr. Peters's reply to respondent's return to show cause order, Dkt. No. 14, does not address the exhaustion and/or procedural default issue. The failure to present this issue to the Facility Head on his first administrative appeal is fatal to merits review of this ground for relief.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Relief on Mr. Peters's second ground for relief is **denied**.

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Andrew W. Peters to the relief he seeks.

Accordingly, the petition for a writ of habeas corpus is **denied**. Judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date: 7/26/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Andrew W. Peters
104855
Putnamville Correctional Facility
Electronic Service Participant – Court Only